IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 C 8985 |
| ) | (Criminal Case No.05 CR 254) |
| HOSSEIN OBAEI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Hossein Obaei ("Obaei") has just filed a pro se document that he captions "Motion To Vacate Judgement [sic] and Grant a New Trial Under 28 U.S.C. § 2255"("Section 2255"). In his motion Obaei sets out no fewer than a dozen grounds for relief, targeting all of the lawyers who represented him -- his trial counsel Andrew Staes, attorney Jeff Steinbeck (whom he retained to handle the sentencing proceeding) and Alan Ackerman, who handled his case on appeal.[1] As Obaei would have it, he was the victim of a concerted effort by those lawyers to violate his constitutional rights.

For the present, however, this Court need not delve into the merits of (or lack of merit in) Obaei's substantive claims. Instead Obaei must confront a threshold question of timeliness in terms of the one-year limitation period prescribed for such motions under Section 2255(f)(1), which starts the limitation

---

[1] Obaei's conviction and sentence were upheld by our Court of Appeals in United States v. Hosseini, 679 F.3d 544 (7th Cir. 2012).

clock ticking on "the date on which the judgment of conviction becomes final."[2]

Finality for that purpose is a term of art. Even though the Court of Appeals' August 2, 2012 denial of rehearing and rehearing en banc was the last substantive judicial determination in Obaei's case, either the potentiality or the actuality of a petition for certiorari must be taken into account. In that respect Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012) has once again quoted from and reconfirmed the Supreme Court's holding in Clay v. United States, 537 U.S. 522, 527 (2003) "that the federal judgment becomes final 'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires.'"

In this instance Obaei's Motion ¶ 11 reflects that he did file a pro se petition for certiorari with the Supreme Court and that it denied that petition on November 13, 2012. That was indisputably more than a year before Obaei launched his current motion -- it was filed in this District Court on December 16, 2003 and it bears his signature with a stated execution date of

---

[2] Section 2255(f) speaks in terms of the latest of four dates: the one just quoted in the text and three other dates, all of which other dates are clearly inapplicable to Obaei's situation.

2

November 27, 2013.[3]

Because the limitation provisions of Section 2255(f) are not jurisdictional, what has been said to this point is not a ground for dismissal of Obaei's motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court ("Section 2255 Rules"). Instead this Court orders the United States to file a response on or before January 10, 2014 under Section 2255 Rule 5, limited to the question whether the government is prepared to waive the limitation issue. Obaei is also granted leave to file a supplement to his motion on or before that same date, raising any dispute that he may have with the reasoning set out in this opinion. This Court will take appropriate action after receiving the parties' submissions (or after the due date for those submissions if either or both parties fails or fail to provide any further input).

_____
Milton I. Shadur
Senior United States Judge

Dated:   December 19, 2013

---

[3] Although Obaei is entitled to the benefit of the "mailbox rule," the operative date under that "rule" would necessarily be on or after November 27.

3