**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 8985 |
| ) | (Criminal Case No. 05 CR 254) |
| **HOSSEIN OBAEI**, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

On December 19, 2013 this Court issued a memorandum opinion and order that addressed the threshold question whether the pro se 28 U.S.C. § 2255 ("Section 2255") motion filed by Hossein Obaei ("Obaei"), in which Obaei seeks to overturn his conviction in the criminal case that bears the number shown in the caption of this memorandum order, had been timely filed. That December 19 order was triggered by Obaei's statement in his Section 2255 motion that the United States Supreme Court had denied certiorari on his direct appeal on November 13, 2012. As it turned out, Obaei was mistaken on that score -- instead that was the date on which the Supreme Court had denied certiorari on the application by Obaei's co-defendant (see Hosseini v. United States, 133 S. Ct. 623 (2012)).

When it turned out that Obaei had been mistaken in that respect and that the date certiorari was denied on his direct appeal was December 3, 2012 (see Obaei v. United States, 133 S. Ct. 774 (2012)), the operation of the "mailbox rule" caused Obaei's seemingly out-of-time Section 2255 motion to have been filed within, rather outside of, the 1-year limitation period that began on that December 3 date. Accordingly this Court issued a brief memorandum order ("Order") pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United

States District Court, ordering the Government to answer Obaei's motion on or before February 28.

This Court has just received a self-prepared Motion To Supplement Ground No. 3 and Add Additional Claim Against Appellate Counsel that Obaei has signed and dated February 20. In that newest filing Obaei asserts that this Court barred certain witnesses from testifying on his behalf, that such ruling was erroneous and that his appellate lawyer had been delinquent in not raising that issue on his direct appeal.

Although one aspect of Obaei's original pursuit of Section 2255 relief was not noted in the Order that found his effort to be timely, the present motion makes it relevant to refer to another of his submissions: an unexceptionable "Motion To Suppliment [sic] § 2255 Motion." That earlier filing (which was dated and mailed on December 3, 2013, though bearing a Clerk's Office stamp of December 19) elaborated on the 12 grounds included in Obaei's original Section 2255 motion. Given the benefit of the "mailbox rule," that December 3 filing fell on the first anniversary of the Supreme Court's denial of certiorari in connection with Obaei's direct appeal -- hence it also poses no timeliness problem under Section 2255(f)(1).[1]

By contrast, in this Court's view Obaei's current motion (which he himself captions as seeking to "add an additional claim against appellate counsel") appears to run afoul of the limitations provisions in Section 2255(f)(1). After all, Obaei had (and used) every minute of a full year within which to tender his claims, and he timely marshaled (and elaborated in detail on) 12 separate claims. Nothing would appear to justify the addition of another claim -- an

---

[1] This Court's current review of the case docket shows that motion as still pending. It is of course granted. Another Obaei filing, a "Motion To Supplement 2255 Filing" (Dkt. 9), was simply his response to the inquiry in this Court's December 19 order, so that it is also granted to eliminate it as a pending motion.

afterthought -- after the one-year limitation period ran out -- that would defeat the very purpose of statutes of limitation, which are intended and designed to establish a watershed.[2]

Under the circumstances the Government need not respond to Obaei's latest motion. Instead the Government is directed to address, on or before March 14, 2014, the question whether supplemental matters raised for the first time <u>after</u> expiration of the one-year limitation period provided by Section 2255 are or are not barred by limitations.

                                                                                                        _____
                                                                                                          Milton I. Shadur
                                                                                                          Senior United States District Judge

Date: February 25, 2014

---

[2] It is worth noting that Section 2255 does not contain the amendment-permitting language that 28 U.S.C. § 2242 makes applicable to habeas actions (in the latter respect, see <u>Mayle v.</u> Felix, 545 U.S. 644 (2005)). In a sense Obaei's current motion is much like a "second or successive" Section 2255 motion, which under the law (Section 2255(b)) requires a certificate of authorization by the Court of Appeals (and which could not qualify substantively under that subsection).