# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 8985 |
| ) | Criminal Case No. 05 CR 254 |
| HOSSEIN OBAEI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Because of government counsel's having inadvertently dropped the ball by failing to respond to the long-pending 28 U.S.C. § 2255 ("Section 2255") motion brought by Hossein Obaei ("Obaei") to challenge his conviction and sentence, it was just last week that this Court received the government's response in opposition to that motion. Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts gives Obaei the right to submit a reply to that response, and he is granted leave to do so on or before April 29, 2015.

One thing should be added in that respect. Obaei's co-defendant in the underlying criminal case, Amir Hosseini ("Hosseini"), had also filed a Section 2255 motion, advancing one ground fewer than the twelve grounds tendered by Obaei. More than six months after this Court issued its September 12, 2014 opinion that found Hosseini's motion to be ill-founded in every respect, Hosseini very recently sought to invoke Fed. R. Civ. P. ("Rule") 60(b)(1) on the predicate that this Court had "mistakenly failed to address the merits of Grounds Seven (7), Eight (8), Nine (9) and Ten (10)" of the eleven purported grounds urged by Hosseini. And just yesterday this Court issued its memorandum order ("Hosseini Order") that rejected Hosseini's

contentions asserted in those four grounds, both on the merits and because Rule 60(b)(1) provided him no source of relief.

There is a good reason for attaching a copy of the Hosseini Order to this memorandum order: What was said there is also fatal to Grounds Eight, Nine and Ten of Obaei's motion, all of which are based on the same misapprehensions that underpinned Hosseini's just-denied motion. Accordingly Obaei's reply, as provided for in this memorandum order, should not continue the futile pursuit of those three grounds, concentrating instead on the government's response to his other nine grounds.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 1, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 2472 |
| ) | Criminal Case No. 05 CR 254 |
| AMIR HOSSEINI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On September 12, 2014 this Court issued its memorandum opinion and order ("Opinion") that addressed and ultimately dismissed this 28 U.S.C. § 2255 ("Section 2255") action in which Amir Hosseini ("Hosseini") had asserted 11 grounds for securing relief from his conviction and sentence on all 97 remaining counts of "a massive 100-count indictment alleging RICO conspiracy, money laundering, mail fraud, illegal transaction structuring, bank fraud and abetting a drug conspiracy."[1]  More than six months later, again acting pro se as he had in originally filing his Section 2255 motion, Hosseini has submitted a new motion on March 23, 2015[2] in which he seeks to invoke Fed. R. Civ. P. ("Rule") 60(b)(1) to obtain relief from that September 12, 2014 dismissal.

Because Rule 60(b)(1) is limited to challenges based on "mistake, inadvertence, surprise, or excusable neglect," Hosseini attempts to characterize this Court as having "mistakenly failed

---

[1] That quoted language comes from the description given by our Court of Appeals (United States v. Hosseini, 679 F.3d 544, 548 (7th Cir. 2012)) at the outset of its opinion affirming Hosseini's conviction and sentence.

[2] That is the date that Hosseini lists as his mailing date, so that comports with the "mailbox rule" under Houston v. Lack, 487 U.S. 266 (1988).

ATTACHMENT

to address the merits of Grounds Seven (7), Eight (8), Nine (9) and Ten (10)" of the 11 grounds advanced in his Section 2255 motion. Like all of Hosseini's other contentions, that is simply untrue. Instead those four purported grounds -- each of which charges the claimed ineffectiveness of his trial counsel in having failed to object to portions of the indictment as allegedly submitted to the jury at the end of the trial -- were simply unsupported by the record. Here is the basis on which the Opinion at 6 dealt with those grounds in brief compass:

> Grounds Seven through Ten ring several changes on the figurative bell that comprises charges that an incorrect version of the indictment was delivered to the jury, together with the jury instructions and verdict form, for purposes of the jury's deliberations. In that respect this Court had issued several rulings that called for redaction of portions of the indictment, and nothing that Hosseini has submitted provides any predicate for believing that the version tendered to the jury did not match up with those required redactions. Hosseini's speculation to the contrary carries no weight. All four of those Grounds provide no basis for Section 2255 relief.

In turn, that ruling was based on the responses that had been made by the government [Dkt. 13 and Dkt. 30] to Hosseini's Section 2255 motion. Here is the portion of the government's Dkt. 13 response relating to those four grounds:

> Petitioner argues that the version of the indictment submitted to the jury at the conclusion of the trial was deficient. Where petitioner has new counsel on appeal, and a question regarding the form of the indictment was not raised on direct appeal, the issue is procedural defaulted. Moreover, there is no evidence in the record that the flawed indictment about which petitioner complains was submitted to the jury. To the contrary, appellate counsel included a chart in the appellate brief listing the counts of the indictment -- neither Count Five nor Count Twelve was included on the chart, and a footnote notes that a portion of Count One was struck on this Court's order. See <u>United States v. Hosseini and Obaei</u>, Nos. 08-1879 and 09-1880. Document No. 64 at 5-6. There is nothing in the record to indicate what version of the indictment was provided to the jury for its deliberations.

And here is the portion of the government's Dkt. 30 response to Hosseini's supplemental submission on the same subject:

Petitioner also fails to respond to the government's response regarding the version of the indictment that was tendered to the jury. The redacted indictment is not included on the docket for petitioner's underlying case, but as noted in the government's initial response, later references to the indictment do not include the stricken counts in their analysis. As this Court well knows, indictments are regularly redacted in a number of ways, such as removal of references to the grand jury and the deletion of the U.S. Attorney and grand jury foreperson's signatures, before they are tendered to the grand jury. That the redacted indictment is not included on the docket is not probative of whether the redacted indictment was in fact tendered to the jury. Where petitioner has failed to address evidence that shows the redacted indictment was in fact used for jury deliberations, he cannot meet his burden under Strickland.

In sum, even apart from the tardiness of Hosseini's current challenge, his current motion fails on two independent grounds. First, he failed to bring himself under the rubric of Rule 60(b)(1) (for it simply cannot be said that this Court "mistakenly failed to address the merits" of the four purported grounds at issue), which itself disentitles him to obtain any relief. Second and at least equally important, his motion fails on the merits. Accordingly Hosseini's motion is denied.

_____
Milton I. Shadur
Date: March 31, 2015              Senior United States District Judge