IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOSSEIN OBAEI, )<br>)<br>Defendant. ) | Case No. 13 C 8985<br>Criminal Case No. 05 CR 254 |

## MEMORANDUM OPINION AND ORDER

Hossein Obaei ("Obaei") was convicted together with his co-defendant Amir Hosseini ("Hosseini") on nearly 100 counts that covered a host of criminal offenses. After an unsuccessful appeal (reported sub nom. United States v. Hosseini, 679 F.3d 544 (7th Cir. 2012))[1] and an unsuccessful petition for certiorari, Obaei filed a 28 U.S.C. § 2255 ("Section 2255") motion that barely got in under the wire in terms of timeliness (with the benefit of the "mailbox rule" as established in Houston v. Lack, 487 U.S. 266 (1988)).

Before this opinion turns to an analysis of Obaei's multiple grounds as advanced in his Section 2255 motion, it is useful to set forth the background against which that analysis must be considered. Here is the beginning of the Court of Appeals' opinion (Appeal at 548) that provided a thumbnail description of the nefarious activities with which Obaei and Hosseini were charged and of which a jury found them guilty beyond a reasonable doubt, after which the Court of Appeals upheld their convictions:

---

[1] Both Obaei and Hosseini joined in that appeal, which (as the text here reflects) carries the caption United States v. Hosseini in the F.3d reporter. For convenience and to avoid confusion, the Court of Appeals' opinion will be cited simply as "Appeal at --," omitting the prefatory 679 F.3d.

> Amir Hosseini and Hossein Obaei operated three automobile dealerships in Chicago, and from 1995 to 2005, sold many luxury cars to Chicago-area drug dealers. Indeed, more than half their sales during this period were to drug traffickers, who preferred to deal with Hosseini and Obaei because they were willing to accept large cash payments in small bills with no questions asked. They also falsified sales contracts and liens, ignored federal tax-reporting requirements, and arranged their bank deposits to avoid triggering federal bank-reporting requirements. Based on this activity and more, Hosseini and Obaei were charged in a massive 100-count indictment alleging RICO conspiracy, money laundering, mail fraud, illegal transaction structuring, bank fraud, and aiding and abetting a drug conspiracy. After a five-week trial, a jury convicted on 97 counts (three were dismissed before trial), and the district court imposed long prison terms.

Then, after providing some further details in summary form in the opinion's Background section (id. at 548-49), the Court of Appeals focused on the charges against Obaei and related the ultimate results of the trial and sentencing (id. at 549):

> Obaei was charged with RICO conspiracy; aiding and abetting a drug-trafficking conspiracy, 21 U.S.C. § 846; seven money-laundering counts; 30 counts of structuring; three counts of bank fraud, 18 U.S.C. § 1344; and four counts of mail fraud. Two of the money-laundering counts and one structuring count were dismissed before trial, and the jury convicted the defendants on the remaining 97 counts. Hosseini was sentenced to 240 months in prison; Obaei received a 180-month sentence. The district court also ordered all three dealerships forfeited.

Unfortunately for Obaei, his sense of timing in avoiding the one-year limitation bar erected by Section 2255(f) was far better than any of his substantive positions advanced before this Court, because not one of the nine grounds that he continues to pursue in Section 2255 terms[2] has merit. After the government had dropped the ball for an extended period of time in

---

[2] On April 1, 2015 this Court issued a very brief memorandum order that (1) granted Obaei leave to submit a reply to the government's belatedly tendered response to his Section 2255 motion and (2) attached a copy of this Court's memorandum order issued just a day earlier in Hosseini's separate Section 2255 action. That copy was attached because it contained a ruling that was also fatal to Grounds Eight, Nine and Ten of Obaei's Section 2255 motion. In response Obaei filed an April 13 supplement to his earlier filing in which he withdrew those three grounds.

failing to respond to Obaei's long-pending Section 2255 motion despite this Court's order to do so, this Court finally received the government's response in late March of this year, and it promptly granted Obaei the right to submit a reply (see Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts) on or before April 29. On April 13 Obaei responded with a pro se document captioned "Supplemental [sic] Rebuttal Answers to Governments Response in Opposition to Motion To Vacate," and of course this opinion has taken all of the parties' submissions into account.

Because the government's 21-page response is so comprehensive in refuting each of Obaei's contentions, this opinion will not seek "to gild refined gold, to paint the lily"[3] by repeating government counsel's detailed discussion. Instead this opinion will provide brief summaries of the deficiencies in Obaei's contentions, referring to the government's response (which this Court has found persuasive in all respects) for a more expansive discussion, supplemented where applicable by references to our Court of Appeals' treatment in the Appeal.

Obaei's Ground One faults his trial counsel for failing to argue the need to prove that Obaei laundered the net profits (rather than the gross receipts) from his drug dealer customers' illegal activities to prove a violation of 18 U.S.C. § 1956(b). But that contention is torpedoed by the treatment of that subject by the Court of Appeals on Obaei's direct appeal. In that respect the government's March 26, 2015 response in opposition to Obaei's Section 2255 motion (a response cited here as "G. Mem. --") treats fully and persuasively (G. Mem. 6-8) with the Court of Appeals' discussion and disposition on that subject (Appeal at 549-52). Just as the Court of

---

[3] For some unknown reason, that felicitous metaphor from Shakespeare's King John has been corrupted in common usage by telescoping its actual language into "to gild the lily" -- a really meaningless figure of speech.

Appeals rejected that contention, this Court does likewise and rejects Ground One of Obaei's motion.

Ground Two inexplicably tags Obaei's trial counsel with a purported failure to seek a severance. That is simply dead-wrong, for not only did his counsel join in an early motion for severance brought by Hosseini's counsel, but he also filed a separate written pretrial motion that sought severance. And as if that were not enough (and it surely is), the Court of Appeals clearly held on the issues of joinder and severance raised by Hosseini that the two defendants and all of the charges were properly joined, so that a joint trial was appropriate (Appeal at 552-54). Ground Two fails as well.

Ground Three targets Obaei's appellate lawyer, charging him with ineffectiveness of representation because of claimed errors (1) in failing to argue that this Court had erred in denying severance and (2) in failing to argue misjoinder. As the government responds (G. Mem. 10-11), Hosseini's appellate counsel did advance those arguments, and they were shot down by the Court of Appeals (Appeal at 552-54). It is nothing short of absurd to label an appellate lawyer as constitutionally inadequate because of his failure to argue a dead-bang loser on the client's behalf. Ground Three is equally groundless.

Next, Ground Four returns to the claimed constitutional inadequacy of Obaei's trial counsel, this time in having assertedly provided Obaei with "almost no defense" and in having assertedly failed to engage in cross-examination or to call favorable witnesses or otherwise present a defense theory. As the government correctly responds (G. Mem. 11-12), Obaei must be describing a different trial from the one over which this Court presided. Obaei's trial counsel did, as G. Mem. 11 states, "provide[ ] defendant with a vigorous defense during the pretrial, trial and sentencing phases." And as for the charged failure to call witnesses, Obaei's counsel did

make such an attempt but was denied the possibility of doing so by this Court's rulings based on Fed. R. Evid. 401 and 403. In addition, G. Mem. 12 points out persuasively that one of the proposed witnesses identified by Obaei "was likely to do more harm than good to defendant's case." In sum, Ground Four is also a loser.

As for Ground Five, there Obaei seeks to pillory his trial counsel "for not honoring Petitioner's Request that they prepare him to testify and call him as a witness in his own defense." That claim is totally without merit -- there are a number of bases for rejecting it. For one thing, as stated at G. Mem. 13-14:

> Defendant ignores the fact that the Court admonished him at trial and advised him that the decision whether to testify belonged to him, and that he gave no indication at that time that he preferred to exercise his right to testify. Thus the record contradicts his claims.

Just as importantly, Obaei is totally silent as to what he would have testified about if he had done so, providing no indication that it could have affected the result of his trial. Indeed, from all the evidence in the case it is plain that if Obaei had testified truthfully he would only have reinforced his guilt, which was conclusively established by the other evidence in the case -- and if instead he had testified falsely in an effort to present the jury with some issue as to credibility, that would have called for an adverse Sentencing Guideline adjustment based on obstruction of justice (to say nothing about possible perjury charges). In short, Ground Five fails as well.

Ground Six requires little discussion, for it is based on the failure of Obaei's trial counsel to move for the sequestration of the two FBI case agents who sat at the government's counsel table during the trial. For one thing, G. Mem. 15 correctly cites three Seventh Circuit decisions for the proposition that such agents "are exempted from exclusion under Fed. R. Evid. 615(2)" (in the current version of that Rule its citation would be changed to "615(b)"). And quite apart

from the unlikelihood that this Court would have granted such a motion if it had been made, the substantively more important point is that Obaei has proffered no argument (nor could he) that the presence of the two agents at the government's counsel table prejudiced him in any respect. Ground Six is also without merit.

Ground Seven attempts to fault Obaei's counsel for his failure to request a "paid informant" instruction. For one thing, that contention flies in the face of the well-established Seventh Circuit law exemplified by United States v. Wiley, 475 F.3d 908, 918 (7th Cir. 2007). But once again Obaei's contention ignores what really happened during the trial: This Court specifically instructed the jury as to benefits received by witnesses (including those listed in Obaei's motion) from the government -- and in accordance with this Court's uniform practice it instructed the jury to consider the testimony of such witnesses "with caution and great care." Finally, in every instance the benefits provided by the government and the terms of any plea agreements were expressly disclosed to the jury, with each plea agreement making it clear that the witness' cooperation was provided in the hope of getting a reduced sentence for that witness. In short, Ground Seven fails too.

Next, Ground Eleven[4] again turns to Obaei's appellate counsel, this time in assertedly (1) failing to correct errors in the indictment submitted to the Court of Appeals or (2) otherwise causing that court to affirm based in part on the "false lien scheme" that this Court had ordered stricken. But on that score Appeal at 553-54, in discussing the subjects of misjoinder and severance, gave no indication (a) that the Court of Appeals had affirmed either defendant's

---

[4] It will be recalled that Obaei has withdrawn Grounds Eight, Nine and Ten.

conviction on those "false lien scheme" allegations or (b) that either defendant was in any way prejudiced in that regard. Ground Eleven is also a loser.

Finally, Ground Twelve returns to faulting Obaei's trial counsel, this time for having supplied an unredacted indictment to the probation officer or for having "deceived" the probation officer into mentioning in the Presentence Investigation Report two counts (Counts Five and Twelve) that had been dismissed from the superseding indictment. But that contention ignores the well-established proposition that a sentencing court may even consider conduct on which a defendant has been <u>acquitted</u>, so long as that conduct has been proved by a preponderance of the evidence (see, e.g., <u>United States v. Gonzalez</u>, 765 F.3d 732, 738 (7th Cir. 2014), citing <u>United States v. Watts</u>, 519 U.S. 148, 154 (1997), and see as well 18 U.S.C. § 3661). Even the motion itself is wholly hypothetical, because this Court surely had adequate grounds for the sentence that it imposed on Obaei without reference to or consideration of the two dismissed counts. Ground Twelve is also without merit.

## **Conclusion**

Although this Court like Obaei has been troubled by the government's unexplained months-long inattention to this Court's written directive to respond to Obaei's Section 2255 motion, so that this opinion has been too long in coming, Obaei arguments have not shared the attribute of fine wine or whiskey of improving with age. As this opinion has made clear, none of Obaei's still remaining nine grounds entitle him to Section 2255 relief, and accordingly his

motion under that section is denied[5] and this action is terminated.

                                                    */s/ Milton I. Shadur*
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: June 16, 2015

---

[5] For some unexplained reason the docket in this case does not show Dkt. 1 (Obaei's Section 2255 motion) as still pending, although it clearly has been until now -- but it does (also inexplicably) list Obaei's June 1, 2015 case status request [Dkt. 39] as a pending motion. To clear up that administrative glitch in the Clerk's Office, this Court orders that Dkt. 39 be denied on mootness grounds.