# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOSSEIN OBAEI, ) <br> ) <br> Defendant. ) | Case No. 13 C 8985 <br> USCA Case No. 15-3018 |

## MEMORANDUM ORDER

Hossein Obaei ("Obaei"), who has filed a notice of appeal from this Court's rejection of his 28 U.S.C § 2255[1] motion that challenged his conviction on nearly 100 counts covering a host of criminal offenses,[2] has coupled that filing with an In Forma Pauperis Application ("Application") prepared on a Clerk's-Office-supplied form. Because our own Court of Appeals is among the several such courts that "have held that the Prisoner Litigation Reform Act of 1996 (PLRA), which substantially revised § 1915 and other sections, does not apply to collateral proceedings under 28 U.S.C. §§ 2241, 2254, or 2255" (Thomas v. Zatecky, 712 F.3d 1004, 1004 (7th Cir. 2013), this Court will of course follow the express teaching of Thomas on the issue before it.

Thomas, id. at 1005 has reconfirmed that a collateral attack under Section 2241 or Section 2254 is not a "civil action" for purposes of Section 1915, and the identical reasoning and

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] Obaei and his codefendant Amir Hosseini had previously brought an unsuccessful direct appeal, reported sub nom. United States v. Hosseini, 679 F.3d 544 (7th Cir. 2012).

result apply to appeals from adverse Section 2255 rulings as well. That being the case, this Court has reviewed the Application and its attached printout of trust fund transactions in Obaei's account at FCI Terre Haute ("Terre Haute," his custodial residence), which together reveal several significant facts:

1. Obaei is on the prison payroll for a regular monthly stipend that provided him with payments aggregating $880 over the six-month period ended with his notice of appeal (an average monthly payment of $146.67).

2. During that same time frame the balance in the trust fund account dipped below $300 for only two days (to a low of $295.29 at that), with the entire remaining period carrying daily balances that were primarily in the $300 to $400 range (predominantly in the upper half of that range), with some daily balances exceeding $400 up to a top figure of $465.12.

3. From the very nature of federal custodial institutions, all of Obaei's daily living needs are taken care of (though not of course at the level he maintained before imprisonment).

4. Obaei's wife is gainfully employed at a compensation level of $1800 to $2000 monthly, and Obaei claims neither her nor anyone else as dependent on him for support.

That congeries of facts brings into play the principles stated in Thomas, 712 F.3d at 1006:

To sum up: The portions of § 1915 and § 1915A applicable exclusively to prisoners' civil actions do not apply to collateral attacks on criminal judgments. But the portions of §1915 that apply generally are as relevant to collateral litigation as to other suits and appeals.

And for Obaei that means that he cannot qualify for in forma pauperis status under the generally applicable criterion set out in Section 1915(a)(1) -- "that the person is unable to pay such fees or give security therefor" -- for although he clearly cannot pay the entire appellate fees up front, he is readily able to do so on an installment plan.

Based on the pattern revealed by the printout of Obaei's trust fund account for the first 4-1/2 months of 2015, it is therefore ordered that an initial partial payment be made out of that account in the amount by which its balance immediately after the deposit of his early October 2015 payroll payment exceeded $375. For each month thereafter beginning with November 2015 Obaei's payment on account of the appellate filing fees is ordered to be 20% of the deposits to the account during that month (a payment schedule analogous to the imposition on prisoner plaintiffs in ordinary civil litigation under Section 1915 (b)(2)). Those payments shall continue until the entire $505 in appellate filing fees have been paid.

Accordingly Obaei is currently assessed the initial partial filing fee ordered in the preceding paragraph, and the Terre Haute trust fund officer is ordered to collect that amount from Obaei's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at Terre Haute (or at any other correctional facility where Obaei may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Both the initial payment and all future payments shall clearly identify Obaei's name

and both the 13 C 8985 District Court case number and the 15-3018 Court of Appeals case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Terre Haute trust fund officer.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: October 6, 2015